# SUPREME COURT.

THE PEOPLE of the State of New York, on the relation of
ELIZA HARNETT, agt. THE INSPECTORS OF COMMON SCHOOLS
of the Seventeenth Ward of the City of New York.

A *teacher of common schools,* who claims, under a regular appointment. a salary due
her for such services, cannot have a *mandamus* to compel the inspectors of com-
mon schools to examine and audit such salary. She has a remedy at law if she
holds under a legal appointment.

*New York Special Term, January* 7, 1873.

*Before* BARRETT, *J.*

Motion for a peremptory *mandamus* against the defendants
to compel them to examine and audit the claim of the relator.
The facts are as follows :

The relator claimed that on August 26, 1872, she was
duly appointed, by the trustees of common schools of the
seventeenth ward of this city, as general assistant in male de-
partment of grammar school No. 13 (formerly old public school
No. 14), at a salary of eleven hundred dollars per annum, and
that she entered upon her duties at the opening of the school
after vacation, September 2, 1872, and performed the duties
required to be performed as a teacher during the months of
September, October, November, and December, 1872 ; that
her name was placed upon the pay rolls for each of the said
months, duly certified by the principal and a majority of the
trustees of the said ward. That the inspectors of the said
district, Andrew Mills, Harvey H. Woods and William E.
Brinckerhoff, had neglected and refused to examine and audit
the salary of the said relator for said months or either of
them. That by reason of said neglect and refusal to audit,
she has been unable to receive or obtain payment for her said

services, amounting to the sum of three hundred and sixty-six dollars and sixty-six cents.

That on December 31, 1872, she caused a demand in writing to be served upon Andrew Mills, Esq., to forthwith examine and audit the said salary; and that the inspectors had neglected to examine and audit said claim; and that the examination and audit was a condition precedent to her right to demand payment from the department of public instruction. On these facts Hon. E. L. FANCHER, on the 6th day of January, 1873, issued an order requiring the inspectors to show cause why a peremptory mandamus should not issue against them commanding them forthwith to examine and audit the salary of the said relator.

On the return of said order the inspectors claimed that the only record of the appointment of the relator on file with the clerk of the department of public instruction, showed the appointment of the relator was made on the 9th day of October, 1872, and that at that time, according to said notice, a large number of other teachers were appointed in said department; and that, by the by-laws of the said department of public instruction, the whole number of teachers which the trustees were authorized to appoint at the date of such appointment in said school was twelve, and that the number of teachers actually employed at that date by the said trustees was thirteen, including the relator, which was one in excess of the number of teachers allowed in said department, and that by said notice of appointment the relator's name appeared to be the last one appointed. The inspectors also claimed that they had audited the claim of the relator, and that they had disallowed the said claim for the reason of excess of teachers in said department.

The counsel for the relator claimed that Miss Harnett, having been appointed by the trustees, was entitled to receive her salary, and that the action of the inspectors was unjust and illegal, and that they could not question the right of the trustees to appoint, and that the relator had no remedy by

an action at law. And that although the notice, filed with the clerk of the department, showed the relator's name as the last appointed, the fact was that she was the eleventh appointment, and produced the affidavits of two of the trustees of the said ward, viz.: Richard V. Harnett and Stephen Therry, showing that she was the eleventh appointment.

The counsel for the inspectors, Mr. Anderson, claimed, among other things, that the inspectors having disallowed the claim after examination and audit, that the remedy by mandamus would not lie; that that writ could only issue to set the inspectors in motion when they have refused to act, and cited a large number of authorities to sustain that proposition. He also claimed that the rule that a mandamus will not issue where there is a remedy by action, applies in this case. He further claimed that by the laws of this state the duties of the inspectors were to " examine in respect to every expense certified by the trustees, and to audit any such expense which may be just and reasonable." And that it was for the inspectors to say what were just and reasonable, and the inspectors were also required to examine in respect to the number, fidelity and competency of the teachers. And that at the time of the appointment of the relator, there being an excess of teachers in said department, the appointment of the relator by the trustees was illegal, and gave the relator no right to recover for any services she might have rendered; and that the appointment of the relator by the trustees was in violation of the general rules and regulations of the department of public instruction.

GEORGE W. WINGATE, *for the relator.*
A. C. ANDERSON, *for inspectors.*

BARRETT, *J.*—The motion must be denied without costs. I think the relator has a remedy at law if she holds a legal appointment. It will not, therefore, be necessary to pass upon the other questions which were argued.